```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ERIK DIAZ-COLON [11],<br><br>**Defendant**. | **CRIMINAL NO.** 09-228 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On June 2, 2011, the government submitted a proposed plea agreement to the Court, which stated that attorneys for the government and for defendant Erik Diaz Colon ("Diaz") had reached an agreement with regard to defendant's guilty plea. (Docket No. 510-1.) The proposed plea agreement was signed by attorneys for the government, but not by the defendant or his attorney. Id. A change of plea hearing was ultimately scheduled for June 15, 2011. (Docket No. 521.) At the hearing, the government informed the Court that it was withdrawing its offer "because it has new evidence against defendant and the time offered in the plea agreement does not take into consideration this new evidence." (Docket No. 530.) Defendant objected to government's withdrawal and requested specific performance of the plea agreement. Id. The

Criminal No. 09-228 (FAB)                                                    2

Court ordered the parties to file simultaneous briefs on the issue by June 24, 2011.  Id.  Both the government and defendant timely filed their briefs.  (Docket Nos. 542 & 543.)  After reading the parties' submissions, the Court **GRANTS** the government's motion to withdraw its plea offer and **DENIES** defendant's motion for specific performance of the proposed plea agreement.

## DISCUSSION

Defendant Diaz alleges that the government's motion to withdraw its plea offer should be denied and the Court should require specific performance of the proposed plea agreement.  The defendant does not dispute that the proposed plea agreement was never adopted by the Court, nor does defendant make any argument that he detrimentally relied on the plea agreement.  Instead, defendant claims the plea agreement should be subject to contract law, under which, it is alleged, "the government would not be allowed to withdraw from the plea at this stage." (Docket No. 543 at 6.)

The First Circuit Court of Appeals has held that plea agreements are subject to basic contract principles.  United States v. Papaleo, 853 F.2d 16, 19 (1st Cir. 1988).  The Papaleo court also held that pursuant to general contract principles, a plea agreement is an offer by the government:  "if the defendant pleads

Criminal No. 09-228 (FAB)                                                3

guilty and if that plea is accepted by the court, then the government will perform as stipulated in the agreement." Id. at 20.  Like the plea agreement at issue in Papaleo, the plea agreement between defendant Diaz and the government did not contain bilateral promises or an explicit promise by Diaz to do anything - thus, it must be construed as an offer by the government for a unilateral contract.  Therefore, until the defendant actually performs by entering his change of plea and the Court accepts such plea, either party, including the government, is free to withdraw from the plea agreement.  Id.; see also In re People of Virgin Islands, No. 2009-021, 2009 WL 1351508, at *5 (D.V.I. May 13, 2009) ("a plea agreement, as a unilateral contract, cannot become binding on the parties through the defendant's mere promise of performance but by the defendant's actual performance-a change of plea to guilty.")

Defendant alleges that the government has not articulated valid grounds to step away from its agreement.  (Docket No. 543 at 3.)  The process of plea bargaining in and of itself, while "an essential component of the administration of justice", Santobello v. New York, 404 U.S. 257, 260 (1971), is "without constitutional significance." Mabry v. Johnson, 467 U.S. 504, 507 (1984) (A plea bargain, "until embodied in the judgment of a court, does not

Criminal No. 09-228 (FAB)                                                  4
---

deprive an accused of liberty or any other constitutionally protected interest.")  Thus, the mere fact that the parties were in negotiations of a plea agreement, without actual performance by defendant, does not create a "constitutional right to have that bargain enforced."  Papaleo, 853 F.2d at 19.

An exception to this general rule that could make a promise by the government enforceable before the entry of a guilty plea is if "the defendant detrimentally relies upon the government's promise." Id. at 18 (citing Government of Virgin Islands v. Scotland, 614 F.2d 360, 365 (3d Cir. 1980).  Defendant Diaz, however, has alleged no detrimental reliance in this case, and the Court finds none to exist.   See Papaleo, 853 F.2d at 18-19 (finding that where defendant "did not enter a guilty plea, did not forgo a jury trial on any charge, and did not otherwise detrimentally rely on the government's promise to drop two charges", he was "in no worse position than if no offer had ever been made by the government.")  Thus, the Court finds that neither defendants' constitutional nor his contractual rights have been violated, and that the government is free to withdraw its offer for a unilateral contract because defendant had not actually performed by changing his plea to guilty and the Court had not approved any such plea.

Criminal No. 09-228 (FAB)                                                5

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the government's motion to withdraw its plea offer and **DENIES** defendant's motion for specific performance of the proposed plea agreement.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 28, 2011.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          United States District Judge