IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>ERIK DIAZ-COLON [11],<br><br>**Defendant.** | **CRIMINAL NO.** 09-228 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On April 2, 2012, the United States Probation Office disclosed defendant Erik Diaz-Colon's ("Diaz") presentence investigation report ("PSR"). (Docket No. 801.) On April 11, the Probation Office disclosed an amended PSR. (Docket No. 803.) Defendant Diaz objected to the PSR on May 2, 2012 in a sentencing memorandum. (Docket No. 818.) The government responded to defendant Diaz's sentencing memorandum on May 16, 2012. (Docket No. 826.) Defendant Diaz filed his reply to the government's response on May 20, 2012. (Docket No. 833.) The government filed a sur-reply on June 1, 2012. (Docket No. 837.)

Defendant Diaz objected to several aspects of the PSR; this opinion focuses primarily on the application of enhanced penalties for certain counts that defendant Diaz was found guilty of

Criminal No. 09-228 (FAB)                                                    2

committing.  Defendant Diaz was found guilty by a jury for the following crimes: general conspiracy under 18 U.S.C. § 371 ("Count One"), a civil rights conspiracy under 18 U.S.C. § 241 ("Count Five"), and aiding and abetting for depriving the victim of his rights and privileges protected by the Constitution under 18 U.S.C. § 242 ("Count Six").  (Docket No. 729.)  As to Count Six, the jury found that the victim's death was not proximately, naturally and foreseeably caused by the deprivation of the victim's rights secured by the Constitution or laws of the United States.  Id. Defendant argues, *inter alia*, that he is not subject to the enhanced penalties under 18 U.S.C. §§ 241 (Count Five) and 242 (Count Six) because neither Count Five nor Count Six of the Superceding indictment averred that bodily harm or death resulted from the violation of the victim's civil rights.  (Docket Nos. 818 & 833.)  Defendant Diaz maintains that the imposition of additional penalties, up to life in prison or death, under §§ 241 and 242, would result in an Apprendi violation.  Id. (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)).

The Apprendi court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490

Criminal No. 09-228 (FAB)                                                 3

(holding that defendant who was convicted pursuant to guilty plea of unlawful possession of a firearm in New Jersey state court, which carried punishment of imprisonment between 5-10 years, could not be sentenced to an extended term under New Jersey's hate crime statute because a finding of racial bias upon which defendant's hate crime sentence was based was not proved to a jury beyond a reasonable doubt.)  In deciding that the New Jersey procedure was "an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system", the Apprendi court limited its holding to protecting a criminal defendant's right to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." 530 U.S. at 476 (quoting United States v. Gaudin, 515 U.S. 506, 510 (1995)).  The Apprendi court noted that the defendant had not "asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment", and thus, the Court refused to "address the indictment question separately today."  Id. at 477, n.3.  Two years after Apprendi, however, in United States v. Cotton, the Supreme Court explicitly held that "[i]n federal prosecutions, [any fact that increases the penalty for a crime beyond the prescribed statutory maximum] must also be charged in the indictment."  535 U.S. 625,

Criminal No. 09-228 (FAB)                                                    4
_____

627 (2002) (citing Apprendi v. New Jersey, 530 U.S. 466, 476 (2000)). The Cotton court held that while a superseding indictment's failure to allege *any* threshold levels of drug quantity that would have led to enhanced penalties under a federal statute rendered the defendant's enhanced sentence erroneous, under the plain-error test of Fed.R.Crim.P. 52(b) "the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." 535 U.S. at 632-33 (emphasis added). The Supreme Court declined to determine whether the error "affected substantial rights" of the defendant, because the evidence that the conspiracy involved more than a certain quantity of drugs to invoke the enhanced penalties was "overwhelming" and "essentially uncontroverted." Id.

Defendant Diaz asserts that he is not subject to the enhanced penalties under sections 241 and 242 because the superseding indictment did not charge that bodily harm or death resulted from the violation of the victim's rights. This Court disagrees. While the plain error standard does not apply because defendant Diaz has raised this objection at the sentencing phase (not on appeal), pursuant to the general guidelines established by Apprendi and Cotton, the Court finds that defendant Diaz may be subject to enhanced penalties for the following reasons.

First, the superseding indictment is not completely devoid of reference to facts regarding the defendant Diaz's actions allegedly taken "with intent to cause death and serious bodily harm" to the victim. (Docket No. 230 at 2-4 (charging defendants, including defendant Diaz, with a conspiracy to take a vehicle "from the person of Elis Manuel Andrades Telleria [victim] by force, violence, and intimidation, *which resulted in his death*, in violation of Title 18 United States Code, Section 2119(3), in violation of Title 18, United States Code, Section 371.") (emphasis added). Defendant Diaz is correct that the indictment does not include specific language regarding bodily injury or resulting death in the sections describing the Civil Rights Violations Counts (Counts Five and Six); as the government points out, however, the indictment as a whole clearly put defendant Diaz on notice that he was being charged with crimes where death resulted. See Docket No. 826 at 3.

Second, and more important, unlike the defendant in Apprendi, the facts triggering the enhanced penalty ("death resulting") for Counts Five (violation of section 241) and Six (violation of section 242) were treated as elements of the offense during trial and submitted to the jury for their consideration. The Court's jury instructions included a separate instruction regarding the

Criminal No. 09-228 (FAB)                                                6

enhanced penalty for "death resulting" under sections 241 and 242, explicitly stating that "the 'death resulting' standard has [] been met if the evidence shows beyond a reasonable doubt that the defendants' misconduct or the misconduct of those who the defendants aided and abetted, was the proximate cause, a natural and foreseeable result of [the victim's] death."  (Docket No. 727 at 60-61.)  The jury verdict also included a separate finding of fact for both Counts Five and Six regarding whether the jury found that the death of the victim was/was not "proximately, naturally and foreseeably caused by the deprivation of [victim's] rights secured by the Constitution or laws of the United States".  (Docket No. 729 at 3-7.)  The jury found defendant Diaz guilty of Counts Five and Six, but found that the death of the victim was caused by the deprivation of the victim's rights only with regard to Count Five, not Count Six.  Id.  As a final matter, the Court acknowledges the language of the Cotton court and notes that the evidence presented at trial was indeed "overwhelming" and "essentially uncontroverted" in demonstrating that defendant Diaz was a significant participant in the crimes resulting in the eventual death of the victim in this case.  See 535 U.S. at 632.  Thus, because defendant Diaz was found guilty by a jury of the elements of the offense that give rise to an enhanced sentence, he

Criminal No. 09-228 (FAB)                                                    7

may be subject to a sentence of up to life for Count Five, and up to ten years for Count Six.[1]

## CONCLUSION

For the reasons discussed above, the Court **DENIES** defendant's motion to preclude enhanced penalties for the offenses of which he was found guilty under sections 241 and 242.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 5, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge

---

[1] Defendant's argument that he is not subject to the enhanced penalties under Count Six is unavailing because, as the government points out in its sur-reply (Docket No. 837 at 3), the jury was explicitly instructed that one of the elements to finding guilt under Count Six required a finding that "defendants caused bodily injury to [the victim]". (Docket No. 727 at 50.) Thus, defendant Diaz is subject to an enhanced penalty of up to ten years for his conviction under 18 U.S.C. § 242 pursuant to the statutory language (stating that "if bodily injury results from the acts committed in violation of this section . . . [defendant] shall be . . . imprisoned not more than ten years . . . .")